**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Irrigation District,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant.<br><br>v.<br><br>Salt River Project Agricultural Improvement and Power District, *et al*.,<br><br>Intervenor Defendants. | No. CV-15-00439-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Roosevelt Irrigation District's ("RID") Motion for a New Trial or to Alter or Amend Judgment (Doc. 264, Mot.), to which Defendant United States and Intervenor Defendant Salt River Salt River Project Agricultural Improvement and Power District ("SRP") filed Responses (Docs. 265, 266). Plaintiff asks the Court to reconsider its June 11, 2019 Order (Doc. 256, June 11 Order) granting the United States' Motion to Dismiss (Doc. 198). Plaintiff also requests that the Court amend its judgment to "certify under Fed. R. Civ. P. 54(b) that [the Court] is also dismissing RID's state law claims . . . without prejudice." (Mot. at 11.) The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

On June 11, 2019, the Court granted Defendant United States' Motion to Dismiss (Doc. 256, June 11 Order). The Court concluded that, under the Quiet Title Act ("QTA"),

Plaintiff's suit against the United States was barred by the statute of limitations set forth in 28 U.S.C. § 2409a(g). Plaintiff now requests the Court grant a new trial or alter or amend its judgment under Fed. R. Civ. P. 59.

Rule 59(a) enables the Court to grant a new trial while 59(e) enables the Court to amend a judgment, but Plaintiff acknowledges that the "standards for each manner of motion are largely identical." (Mot. at 2.) "Amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Further, "[s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id.* Nonetheless, the Ninth Circuit defined several grounds which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law"

*Id.*

Plaintiff apparently bases its Motion on its belief that the Court's decision constitutes "manifest injustice." *Id.* In its Motion, Plaintiff recounts several key cases that both parties addressed in their dispositive motion briefing and that the Court considered in reaching its decision to dismiss Plaintiff's suit for quiet title. Concluding that, under the QTA, Plaintiff's suit was barred by the applicable statute of limitations, the Court interpreted the relevant case law (much of which is now cited to the Court again) to require dismissal. Without any further cause to do so other than a disagreement by Plaintiff, this is not one of the instances when the Court will exercise its discretion to employ the "extraordinary remedy" of a new trial or amendment of the judgment under Rule 59.[1]

---

[1] Plaintiff devotes much of its Motion to the argument that *California v. Yuba Goldfields*, 752 F.2d 393 (9th Cir. 1985), does not support the Court's conclusion that Plaintiff had notice of the government's adverse claim no later than 1928. In part, Plaintiff bases this argument on cases holding that notice of an adverse claim to one portion of a property interest does not create notice of an adverse claim as to other portions of that

Aside from its disagreement over the application of case law, Plaintiff argues that "the [June 11 Order] relies upon several errors of material fact in reaching its conclusion." (Mot. at 8.) Plaintiff cannot premise its Rule 59 Motion on these alleged errors as those "upon which the judgment rests" because correction of the raised errors does not affect the substance of the Court's judgment. However, it is also proper for the Court to grant Rule 59(e) amendment "where, as here, the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment." *Id.* The facts at issue appear to be undisputed, and thus the Court may amend its Order to reflect them more accurately.

In correcting those misstatements of fact, the Court notes that in 1923, Carrick and Mangham Agua Fria Lands and Irrigation Company ("CMAFL&IC") assigned its rights in the 1921 Agreement—not the 1917 Agreement as the Order states—to the newly formed RID. (June 11 Order at 6:20.) The Court does not find that CMAFL&IC had any rights in the original 1917 Agreement. (Doc. 41 Ex. 1.) CMAFL&IC assumed rights in the relationship only when, pursuant to its authority under the 1917 Agreement, the Association entered into the 1920 Agreement (and a supplemental Agreement) with A.A. Carrick and Frank Mangham ("C&M") which obligated C&M to operate pumps on the Association's behalf and C&M later assigned those rights to CMAFL&IC. (Doc. 41 Exs. 2, 3.)

Despite the convoluted nature of the events giving rise to this dispute over the last hundred years, the Court notes that RID is a successor in interest to both CMAFL&IC and C&M, each of whom acquired rights and responsibilities in agreements with the

---

property interest. (Mot. at 6–8 (citing *N. Improvement Co. v. United States*, No. CV-12-08011-PCT-DGC, 2019 WL 2423507 at *13 (D. Ariz. June 10, 2019)).) Plaintiff explains that District Judge Campbell recently held in *Northern Improvement Co.* that "the United States' interest in the surface rights did not, under *Yuba Goldfields*, put a reasonable person on notice of a potential claim against the subsurface rights." *Id.* (emphasis in original). While this proposition seems to reflect some of the same issues as the case before the Court—namely whether the United States' interest in ditches/pump laterals could put RID on notice of its interest in the wells—the Court specifically noted in its June 11 Order that it need not consider that argument in order to reach its conclusion. (June 11 Order at 7–8 ("In light of [other relevant] documents and the notice they should have conveyed to RID, the Court need not address the United States' argument that the reservation of pump laterals for the United States in the 1928 deed provided similar notice, though the Court notes that this argument likely would lend support to the conclusion reached today.").)

Association and later assigned those rights to their successors. RID's interest was borne out of the 1923 assignment of rights in the 1921 Agreement from CMAFL&IC to RID. Thus, the Court's analysis on the issue of whether RID had notice of the United States' interest is unchanged by the correction of these details, but the Court will amend its judgment to more accurately reflect the undisputed history of this dispute.

Plaintiff's Motion also "requests that the Court [] amend its Order to certify under Fed. R. Civ. P. 54(b) that it is also dismissing RID's state law claims against the Association without prejudice." (Mot. at 11.) Plaintiff refers to the two state law claims raised against the Association (now known as SRP) in its First Amended Complaint (Doc. 35, FAC.) Those claims, for breach of contract and breach of covenants in the 1928 Deed, are claims of pure state law. (FAC ¶¶ 37–64.) Further, the claims are raised only against Intervenor-Defendant SRP—not against the United States. Thus, the Court's subject matter jurisdiction over those claims existed only because they were raised in conjunction with the QTA claim against the United States. Having dismissed that claim, the Court now declines to exercise supplemental jurisdiction over the state law causes of action.

"'The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction.'" *Martin v. Kamalu-Staggs*, 87 F.3d 1320 (9th Cir. 1996) (citing 28 U.S.C. § 1367(c)(3)). Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Considering these factors, the Court declines to exercise supplemental jurisdiction here. Comity strongly favors declining jurisdiction, as Plaintiff would now proceed exclusively on state law breach of contract and breach of covenants claims. The other factors are more complicated in this case due to its complex procedural posture. In granting the United States' Motion to Dismiss, the Court did not adjudicate the merits of the title

dispute. All the Court decided was "that RID cannot succeed in quieting its title against the competing interest of the United States" because it failed to bring suit within the statutory period. (June 11 Order at 8.) As the Court explained, the United States is now free to bring its own quiet title suit against RID, if it so wishes. But currently, there is no decision on RID's rights to the property at issue, which the Court anticipates may affect its state law claims.

Because of the complicated nature of the case's current posture and the various ways in which it could develop, it is difficult to determine whether exercising pendent jurisdiction over the state law claims promotes judicial economy or convenience for the parties. The Court concludes that the best way forward is to dismiss the claims without prejudice and, should the Ninth Circuit overturn the Court's June 11 Order and return Plaintiff's QTA suit to this Court on the merits, Defendant would be free to raise the state law claims once more. If the quiet title dispute proceeds in a separate action brought by the United States, Plaintiff may re-raise its state law claims against SRP, assuming SRP is once again a party. In order to best promote comity and preserve all possible options for the parties, the Court will decline to exercise pendent jurisdiction over the remaining state law claims and will amend its June 11 Order to dismiss those claims without prejudice.

Having decided to dismiss Plaintiff's remaining state law claims and finding no just reason for delay, the Court will further amend its Order to enter final judgment on the state law claims under Rule 54(b).

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion to Alter or Amend the Judgment (Doc. 264.) While the Court will not grant a new trial or amend its dismissal of Plaintiff's QTA claim as set forth in its June 11 Order (Doc. 256), the Court hereby amends the June 11 Order (Doc. 256) to correct misstatements of fact as specified in this Order.

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** directing the Clerk to amend the final judgment (Doc. 257) to dismiss Count I of the Amended Complaint (Doc. 35) with prejudice and Counts II and III of the Amended Complaint (Doc. 35) without prejudice.

Dated this 25th day of July, 2019.

Honorable John J. Tuchi
United States District Judge